# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 25-2357, Keller v. Experian Information Solutions, Inc. |
| **Originating No. & Caption** | No. 1:23-cv-00409-TDS-LPA, Keller v. Experian Info. Sols., Inc. |
| **Originating Court/Agency** | U.S. District Court for the Middle District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | 09/23/2025 | |
| Date notice of appeal or petition for review filed | 11/05/2025 | |
| If cross appeal, date first appeal filed | 10/22/2025 | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⦿ No |
| Has transcript been filed in district court? | ○ Yes | ⦿ No |
| Is transcript order attached? | ○ Yes | ⦿ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | 25-2294 | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ⦿ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ⦿ No |
| Does case involve question of first impression? | ○ Yes | ⦿ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⦿ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Plaintiff Eric Keller sued Defendant Experian Information Solutions, Inc., alleging a failure to reinvestigate disputes related to a debt Plaintiff allegedly held with Truist Bank. Keller raised three claims under 15 U.S.C. § 1681i: a class-action claim challenging Experian's "suspicious mail policy" that screens mail sent by third parties, and two individual claims alleging that Experian's use of its automated consumer dispute verification system constitutes a failure to reasonably reinvestigate his disputes.

The district court dismissed Keller's individual claims becuase he failed to identify a cognizable inaccuracy in his credit file for Experian to correct. It denied Experian's motion with respect to his class claim.

Experian moved for dismiss the complaint becuase Keller lacked standing and for judgment on the pleadings because the court's ruling on the absence of inaccuracy necessarily defeated Keller's class claim. The district court agreed that Keller lacked standing to challenge Experian's suspicious mail policy. It thus dismissed the suit without prejudice and denied Experian's motion for judgment on the pleadings as moot.

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| 1. Whether Keller has standing to challenge Experian's suspicious mail policy under 15 U.S.C. § 1681i.<br><br>2. If Keller has standing, whether he has alleged an inaccuracy in his credit file that can support his claims under 15 U.S.C. § 1681i.<br><br>3. If Keller has not alleged an inaccuracy in his credit file that can support his claims under 15 U.S.C. § 1681i, whether he can nonetheless bring a class-action claim challenging Experian's suspicious mail policy. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: Eric Keller<br><br>Attorney: Susan Mary Rotkis<br>Address: CONSUMER ATTORNEYS<br>2290 E. Speedway Blvd.<br>Tucson, AZ 85719<br><br>E-mail: srotkis@consumerjustice.com<br><br>Phone: (602) 807-1504 | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: Experian Information Solutions, Inc.<br><br>Attorney: Jeffrey R. Johnson<br>Address: JONES DAY<br>51 Louisiana Ave., NW<br>Washington, DC 20001-2113<br><br>E-mail: jeffreyjohnson@jonesday.com<br><br>Phone: (202) 879-3939 | Name: Experian Information Solutions, Inc.<br><br>Attorney: John C. Brinkerhoff Jr.<br>Address: JONES DAY<br>51 Louisiana Ave., NW<br>Washington, DC 20001-2113<br><br>E-mail: jcbrinkerhoff@jonesday.com<br><br>Phone: (202) 879-3939 |
| **Appellant (continued)** ||
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Jeffrey R. Johnson   **Date:** November 18, 2025

**Counsel for:** Defendant/Cross-Appellant

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|  |  |
|---|---|
|  |  |
| Signature: | Date: |