No. 25-2294

# In the United States Court of Appeals for the Fourth Circuit

ERIC KELLER, on behalf of himself and

all others similarly situated,

*Plaintiff-Appellant / Cross-Appellee,*

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

*Defendant-Appellee / Cross-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA, HON. THOMAS D. SCHROEDER

(NO. 23-CV-00409)

## RESPONSE/REPLY BRIEF OF PLAINTIFF-APPELLANT/CROSS-APPELLEE ERIC KELLER

Susan Mary Rotkis
CONSUMER JUSTICE LAW FIRM
2290 East Speedway Boulevard
Tucson, AZ 85719
srotkis@consumerjustice.com

Jed Nolan
Benjamin Sheridan
KLEIN & SHERIDAN, LC
3566 Teays Valley Rd.
Hurricane, WV 25526
jed@kleinsheridan.com
ben@kleinsheridan.com

Counsel for Plaintiff-Appellant Eric Keller

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

SUMMARY OF ARGUMENT ............................................................................2

ARGUMENT .......................................................................................................4

    A.  Mr. Keller Complied with the Statutory Pleading Requirements, Regardless of the Extra-Statutory Preconditions that Experian Presents. ......................................................................................................4

        1.  The District Court Improperly Adopted Experian's Policy Preferences Rather than Applying the Law as Written. ..............4

        2.  Experian seeks to create additional dispute requirements. .....14

        3.  Experian misstates its obligations under the FCRA. .................16

    B.  Under the Readily Verifiable Test that Experian Agrees is the Proper Standard, Mr. Keller Stated a Claim for Relief. ...............19

    C.  Experian's Suspicious Mail Policy was dismissed on standing grounds, which Mr. Keller has appealed. .....................................23

CONCLUSION..................................................................................................26

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...................................................................20

*Badaracco v. Comm'r,*
464 U.S. 386 (1984) .....................................................................6

*Brown v. Lowe's Cos., Inc.,*
52 F. Supp. 3d 749 (W.D.N.C. 2014) ...............................4, 13

*Carvalho v. Equifax Info. Servs., LLC,*
629 F.3d 876 (9th Cir. 2010) ..................................................16

*Corder v. Antero Res. Corp.,*
57 F.4th 384 (4th Cir. 2023)....................................................20

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,*
637 F.3d 435 (4th Cir. 2011) ...................................................21

*Holland v. Pardee Coal Co.,*
269 F.3d 424 (4th Cir. 2001) .....................................................5

*Laber v. Harvey,*
438 F.3d 404 (4th Cir. 2006) ...................................................25

*Maine Cmty. Health Options v. United States,*
590 U.S. 296 (2020) .....................................................................5

*Mort Ranta v. Gorman,*
721 F.3d 241 (4th Cir. 2013) .....................................................6

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,*
591 F.3d 250 (4th Cir. 2009) ...................................................24

*Reiter v. Sonotone Corp.,*
442 U.S. 330 (1979) ...................................................................17

*Schafer v. Astrue,*
641 F.3d 49 (4th Cir. 2011) .......................................................6

*Tederick v. LoanCare, LLC,*
168 F.4th 154 (4th Cir. 2026).........................................10, 12

*United States v. Shirah,*
253 F.2d 798 (4th Cir. 1958) .....................................................6

*United States v. Umeti,*
  167 F.4th 687 (4th Cir. 2026)..............................................................16

**Statutes**

15 U.S.C.A. § 1681i.............................................................................5

## INTRODUCTION

Experian – after urging the District Court for years to dismiss this matter as a categorical "legal" dispute – now disavows that position on appeal and adopts the governing standard: whether the inaccuracy alleged was objectively and readily verifiable under 15 U.S.C. § 1681i. The balance of Experian's brief underscores the need to remand this matter to litigate the question of fact that Mr. Keller pled: whether Experian's investigation was reasonable. Experian's deathbed conversion supports remand to the District Court, which dismissed the Complaint after adopting Experian's lack of standing argument because it was "an underlying legal dispute with Truist" (JA 134, 430) rather than examining whether the multiple tradelines were objectively and readily verifiable as required by the FCRA.

This appeal turns on a single question: whether Mr. Keller plausibly alleged an objectively verifiable reporting inaccuracy—not whether Experian could avoid its statutory duties by labeling the dispute "legal." The case is not just about whether there was an adequate reinvestigation. It is also about the complete absence of one. Experian did not conduct any reinvestigation of Mr. Keller's second dispute, and

1

pursuant to its suspicious mail policy, refused to even fulfill its minimum statutory duty of forwarding the dispute to Truist all.

### SUMMARY OF ARGUMENT

Experian's duty to reinvestigate under 15 U.S.C. § 1681i is mandatory when a consumer disputes accuracy, and the district court erred by imposing extra-textual precondition based on Experian's preferences. The FCRA requires a reasonable reinvestigation and does not permit Experian to avoid that duty by labeling disputes as "legal," "collateral attacks," or invoking a "suspicious mail" policy. Experian conceded on appeal that legal disputes may be objectively and readily verifiable, abandoning the bright-line position it urged below and upon which the district court relied, warranting remand.

Mr. Keller plausibly alleged objectively and readily verifiable inaccuracies in Experian's own file: three inconsistent tradelines for a single Truist loan with conflicting status and delinquency reporting, which is a report-based error not requiring contract-law adjudication. Experian's partial deletion of one tradeline underscores that reinvestigation was inadequate, because leaving two conflicting tradelines after identifying one as inaccurate is not a reasonable

reinvestigation. These allegations satisfy the pleading standard because they make it plausible that Experian failed to conduct a reasonable reinvestigation and continued to report unverifiable information.

Section 1681i(a)(5)(A)(i) requires deletion of information found inaccurate, incomplete, or that cannot be verified after reinvestigation. Experian cannot graft an additional requirement that the consumer prove actual delinquency to trigger deletion where internal inconsistencies establish unverifiability. Experian cannot graft an additional requirement that the consumer prove actual delinquency to trigger deletion where internal inconsistencies show unverifiability. Experian's insistence that its bare-minimum duty to relay information is its only obligation is incorrect because the FCRA imposes a clear and independent reinvestigation obligation, which Experian eschewed by refusing to forward the second dispute to Truist under its suspicious mail policy.

The district court's dismissal of the "suspicious mail" policy claim rested on speculation contrary to the requirement to draw reasonable inferences for the plaintiff and ignored the concrete injury from continued publication of inaccurate tradelines during Experian's delay. Because

3

the same injury forms the foundation of the claims and the court denied leave to amend based largely on its erroneous "legal dispute" rationale, reversal and remand with instructions to grant leave to amend are warranted.

## ARGUMENT

### A. Mr. Keller Complied with the Statutory Pleading Requirements, Regardless of the Extra-Statutory Preconditions that Experian Presents.

### 1. The District Court Improperly Adopted Experian's Policy Preferences Rather than Applying the Law as Written.

Experian claims that "consumers do not have a right to 'be deemed innocent until proven guilty' by a proper reinvestigation under the FCRA," and warns that to follow the strict dictates of the FCRA would "irreparably distort[ ] the credit system." R. 19 at 48-49.[1] However, the Fair Credit Reporting Act makes no such presumptions about accuracy or inaccuracy. It *requires* a reinvestigation of disputes submitted by consumers.[2] *Brown v. Lowe's Cos., Inc.*, 52 F. Supp. 3d 749, 759 (W.D.N.C. 2014)

---

[1] Citations to specific page numbers in the trial court record (R.) will be to the file-stamped page numbers.
[2] It is axiomatic that when the word "shall" appears in a statute, the requirement to act is mandatory and not permissive. *Maine Cmty.*

The statutory language is clear. A reinvestigation is **required**:

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency **shall**, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate

15 U.S.C. § 1681i(a)(1)(A) (emphasis added). This statutory command is particularly important here because Experian did not merely conduct an unreasonable reinvestigation, it refused to conduct one at all. After receiving Mr. Keller's second dispute, Experian followed its suspicious mail policy to block the dispute from going any further, including to Truist.

Experian convinced the District Court, and now urges this Court, to adopt a new rule that consumers must now follow before the duty to reinvestigate is triggered: an additional precondition before requiring a credit reporting agency ("CRA") to reinvestigate consumer disputes, arguing "the FCRA requires a complete reinvestigation only if (among other things) a consumer ***properly*** disputes information's 'completeness

---

*Health Options v. United States*, 590 U.S. 296, 310 (2020); *Holland v. Pardee Coal Co.*, 269 F.3d 424, 431 (4th Cir. 2001).

or inaccuracy.' *Id.* § 1681i(a)(1)." R. 29 at 46 (emphasis added). However, the statute does not define what a "proper" dispute is, much less impose a threshold requirement that a consumer articulate a "proper" dispute beyond notifying the agency of a dispute as to completeness or accuracy.

The Fourth Circuit does not allow district courts to rewrite statutes or add language that the legislature did not include. See *Schafer v. Astrue*, 641 F.3d 49, 61 (4th Cir. 2011), citing *Badaracco v. Comm'r,* 464 U.S. 386, 398 (1984) ("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement.") "The function of the judiciary is to apply the law, not to rewrite it to conform to the policy positions of litigants." *Mort Ranta v. Gorman*, 721 F.3d 241, 253 (4th Cir. 2013) (overruling bankruptcy Trustee concerns of abuse by below-median income debtors who did not include Social Security income in their "projected disposable income" when the statute was clear). The Fourth Circuit in *Mort Ranta* held that even if it agreed its ruling may contravene Congress' intent to eradicate bankruptcy abuse when it enacted the BAPCPA, it was still bound to end its inquiry "[w]hen the statutory language is clear." *Id.*, see also *United States v. Shirah*, 253 F.2d 798, 800 (4th Cir. 1958) ("…courts are not free to rewrite legislative

enactments to give effect to the judges' ideas of policy and fitness or the desirability of symmetry in statutes.")

Experian is asking the Court to do just that. Before shifting strategies on appeal, Experian repeatedly urged the District Court to enforce a judicially-created condition precedent that disposed of alleged "legal" disputes at the motion to dismiss stage:

- Experian's Motion to Dismiss and Reply in Support:
  - "A consumer reporting agency, like Experian, does not have an obligation under Section 1681i ... to resolve such legal dispute between a consumer and creditor," and "Experian had no duty under Section 1681i to adjudicate whether, under state law, Plaintiff's payment obligations ... were suspended or excused." JA 50.
  - Experian argued that Keller's contention "presents a legal defense to the debt rather than a factual inaccuracy." JA 51.
  - Experian continued: "Plaintiff's claims present a legal defense to payment," JA52.

7

- Experian said a CRA "is not obligated to resolve a legal dispute as it is a 'collateral attack on the validity of a debt.'" JA 93.

- Experian wrote that "inaccuracies that turn on legal disputes are not cognizable under the FCRA," JA 95.

- Experian said Keller's Truist allegations were "the definition of an 'unresolved legal question'" and that "contractual disputes require resolution by a court of law, not a credit reporting agency." JA 96.

- Experian's Motion for Judgment on the Pleadings

  - Experian had "no legal duty under Section 1681i to reinvestigate Plaintiff's dispute because it sought a reinvestigation of a legal issue, not a factual one." JA 170.

  - "Section 1681i only applies to factual inaccuracies, not legal disputes," and said the dispute "involved a legal issue—was Truist in breach of contract—not a factual one." JA 171.

  - "Experian had no legal duty under Section 1681i to reinvestigate Plaintiff's legal dispute." JA 172.

- Experian's Opposition to Motion to Amend

  - Experian had "no obligation under Section 1681i to adjudicate that legal dispute." JA 339.

  - Experian said the dispute letter sought reinvestigation of "a legal dispute—namely, whether it was inaccurate to report the Truist loan as 'past due' because Truist 'refused to take [Plaintiff's] payment for several months.'" JA 344.

  - Experian argued that the negative tradeline "which again is a legal dispute and does not trigger a duty to reinvestigate as a matter of law." JA 345.

  - "It is a legal dispute, however, and as a matter of law, is not actionable under Section 1681i," and that the "further verification" Keller wanted was "the resolution of a legal dispute." JA 346–347.

- Experian's Motion to Dismiss for Lack of Article III Standing

  - Experian re-quoted the District Court order: there was "never any factual deficiency in the report," Keller had "a legal dispute to the debt," and the matter was "a legal issue

that a CRA such as Experian is neither qualified nor obligated to resolve." JA 372–373.

o Experian argued that Keller "did not allege a factual inaccuracy, and thus Experian had no legal duty under Section 1681i to reinvestigate Plaintiff's legal dispute." JA 409.

After repeatedly telling the District Court that it had no legal duty to investigate "legal" disputes, Experian now concedes that "legal disputes may be objectively and readily verifiable by a credit-reporting agency." R. 29 at 23.[3]

Experian even went so far to argue to the District Court that it should reject the "readily verifiable" test (that it now adopts in its Response Brief): "the 'readily verifiable' test has never been adopted by any court in the Fourth Circuit," and "the issue is not whether Plaintiff made payments ... but rather whether his payment obligation was legally excused ...—a still-unresolved legal dispute that the law does not require

---

[3] When an appellate party irrefutably makes an argument to the District Court that it does not raise or defend on appeal, the Fourth Circuit can consider the argument abandoned. *See Tederick v. LoanCare, LLC*, 168 F.4th 154, 172-173 (4th Cir. 2026).

Experian to adjudicate." JA 97. On appeal, Experian pivots to the very "objectively and readily verifiable" framework it discounted at the District Court. R. 19 at 21. The shift matters because the District Court orders rested on the improper framing. JA 430. The District Court analyzed amended allegations about multiple tradelines and conflicting reporting, yet still treated them as, "[a]t most, Keller contends that Experian had notice of his underlying legal dispute". The District Court continued to rely on and adopt Experian's original and consistent legal-factual characterization instead of assessing the dispute as a record-based or report-based inaccuracy.

Experian has abandoned that argument and the District Court's precedent in this appeal, and no longer claims that consumer disputes can be disregarded as "legal" instead of "factual" disputes. Instead, Experian reintroduces the bright-line alternative of "collateral attack," asserting that it is entitled to disregard disputes it deems are more targeted at the furnisher than the CRA. R. 29 at 38, 45. Regardless of whether Experian labels its proposed precondition as a "legal versus factual" dispute or a "collateral attack," the result is the same. Experian is asking this Court to impermissibly "read in" language that is not in the

11

text of the statute and is designed to allow Experian to ignore disputes it would rather not investigate. See *Tederick v. LoanCare, LLC*, 168 F.4th 154, 167 (2026) ("Put simply, we are constrained to reject the district court's approach. It ignores the plain language of the Act and "reads in" language (i.e., a requirement that a plaintiff must show an intentional violation by a debt collector) that is not in its text.")[4] This is not a case where Experian was faced with a tough reinvestigation. No. It is a case where Experian made threshold decision to not investigate at all. To completely absolve a CRA whenever a CRA can concoct a *post hoc* "collateral attack," "legal dispute," or suspicious mail argument would eviscerate the FCRA's plain language, which requires a reinvestigation that is reasonable upon receipt of a consumer dispute. 15 U.S.C. § 1681i(a)(1)(A). There is no statutory basis for a categorical exemption allowing a CRA to decline reinvestigation simply by labeling a dispute "legal," "collateral attack," or "suspicious" on its whim. Instead, the CRA is judged on the reasonableness of the reinvestigation. CRAs have been long aware based on Federal Trade Commission guidance that they are

---

[4] *Tederick* used West Virginia canons of construction that mirror the federal canons of construction cited *supra.*

to presume consumer disputes are *bona fide* unless there is evidence that they are frivolous or abusive. 40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Reports with Summary of Interpretations at 77. (July 2011). Courts within the Fourth Circuit have instructed CRAs that they may only make such a determination based on information after commencing a reinvestigation. *Brown*, 52 F. Supp. 3d 749, 759

Congress would not have enacted § 1681i(a)(1)(A) and provided a private right of action for violations of that section if consumers sole remedy was to dispute directly with furnishers as the District Court concluded. JA 427. Indeed, Congress, explicitly, did not provide a private right of action for consumers after making direct disputes to furnishers. Requiring consumers to rely solely on obstinate furnishers facing no liability for their conduct is essentially leaving consumers with no redress at all, and the FCRA prohibits such a restriction.

Experian did not merely argue below that Mr. Keller's dispute was difficult to investigate; it argued categorically that § 1681i "only applies to factual inaccuracies, not legal disputes." JA 171. This appellate concession is difficult to reconcile with Experian's district-court position

that § 1681i categorically excludes "legal disputes."  Because Experian has abandoned that reasoning on appeal, and because the District Court relied solely on that reasoning, this Court should remand this matter.

The question is whether Experian's own file contained objectively verifiable inaccuracies—namely, multiple inconsistent tradelines for the same account, including conflicting payment status and delinquency reporting. Resolving that inconsistency does not require adjudicating contract law; it requires determining whether Experian's report was internally accurate.

**2. Experian seeks to create additional dispute requirements.**

Adding one bright-line precondition was not enough for Experian, though.  Section 1681(a)(5)A)(i) requires that "[i]f, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete **or cannot be verified**, the consumer reporting agency shall--**(i)** promptly delete that item of information from the file of the consumer…" (Emphasis added).  Mr. Keller argues that the conflicting information on his credit repot – namely, three conflicting tradelines for

14

a single loan – triggered Experian's duty to delete the unverifiable information under § 1681(a)(5)A)(i).

Rather than applying the statute as written, Experian grafts another precondition that does not exist in the statutory text when it argues that "[Mr. Keller] otherwise did not explain how [the conflicting tradelines] established one way or the other whether he was actually delinquent on his debt." R. 29 at 20. This argument misses the mark entirely. Section 1681(a)(5)A)(i) mandates that unverifiable information be deleted. No entity—neither Truist nor Experian—could simultaneously verify three conflicting tradelines for a single account, each reporting different statuses, and claim that all were verifiably accurate. That inconsistency itself is an objectively verifiable condition reflected on the face of Experian's own file. At that point, the statute directs the agency to delete information that cannot be verified; the remaining question is whether the reinvestigation was reasonable. In other words, the standard is whether Experian, after reinvestigating, could verify the information. 15 U.S.C. § 1681i(a)(5)(A). There is no statutory basis requiring a consumer to prove anything beyond the fact that the furnisher's information is

15

unverifiable. The only question that remains is whether Experian's investigation was reasonable under § 1681i(a)(1).

### 3. Experian misstates its obligations under the FCRA.

Experian cites *Carvalho v. Equifax Info. Servs., LLC* for the proposition that "[CRA's] simply collect and report information furnished by others." 629 F.3d 876, 891 (9th Cir. 2010). RR. 29 at 31. Experian's conduct here underscores the flaw in that framing: it didn't even act as a conduit for Mr. Keller's second dispute. It refused to forward Mr. Keller's second dispute to Truist at all, thus preventing any reinvestigation by anyone and eliminating all chance of correction from the source. The express statutory language does not place such a minimal burden on CRAs.

To begin, § 1681i(a)(1) requires a reasonable reinvestigation by CRAs. It is axiomatic that, "[i]n interpreting a statute, [courts] should strive to give effect to every word that Congress has used to avoid surplusage." *United States v. Umeti*, 167 F.4th 687, 699 (4th Cir. 2026). Experian's position would reduce its statutory obligation to little more than relaying information between the furnisher and the consumer, like a UPS driver for data, contrary to their statutory requirement of a "reinvestigation"

entity and gatekeeper of accurate information and disputes. Again, only a dispute through a CRA creates liability for the CRA or the furnisher.

The term "reinvestigation" merits a closer look as well. Rather than simply requiring an "investigation," § 1681i(a)(1) calls for a "*re*investigation." (emphasis added). Merriam-Webster defines reinvestigate as "to investigate (something) again." https://www.merriam-webster.com/dictionary/reinvestigate, accessed March 18, 2026. Section 1681i(a)(1) requires a second investigation, inherently leading to the conclusion that Experian was already required to conduct an investigation before allowing tradelines to be reported. Experian is asking the Court to not only minimize its most basic duty to be a conduit between the furnisher and the consumer, but also remove duties clearly imposed by the plain language of § 1681i(a)(1), rendering it a legal nullity. The Supreme Court has explained that a court is "obliged to give effect, if possible, to every word Congress used." *Reiter v. Sonotone Corp.,* 442 U.S. 330, 339 (1979). This Court held that the term "investigation" must be given its plain meaning, requiring a "searching," "careful," and "systematic" inquiry into the actual dispute rather than a superficial or "*un*reasonable" inquiry. *Johnson v. MBNA Am. Bank, NA,*

357 F.3d 426, 430-31 (4th Cir. 2004)(describing the duty of a furnisher to conduct an investigation upon receipt of a dispute from a CRA). There is no principled reason to invent a new definition for the "investigation" part of "reinvestigation" required of a CRA as embodied in the statute.

The clear need for an independent reinvestigation by CRAs is nowhere more apparent than in Mr. Keller's situation. As the District Court agreed, Truist Bank was "incorrectly" furnishing inaccurate credit reporting. JA 426. But Truist was not merely "incorrectly" reporting a single tradeline. Instead, Truist was "incorrectly" reporting three (3) different tradelines for a single loan. JA 222-225. This conclusive fact is readily apparent even without the benefit of discovery at this early stage of the litigation. Mr. Keller alerted Experian that "[t]his account is reporting on my report several times in separate report entries, and so you should be aware that there is something wrong with the report." JA 33. Experian, independent of the furnisher, could see on the face of its own report that there were multiple tradelines for a single loan. JA 222-225. Experian was placed on even higher alert when one of the tradelines was deleted by the furnisher, indicating an issue with the furnisher's reporting and validating the consumer dispute. JA 241-242. At this

point, Mr. Keller has indisputably demonstrated an inaccuracy that even the District Court acknowledged was "incorrect." JA 426. The sole remaining question surrounds the reasonableness of Experian's reinvestigation, which is a question of fact appropriate for later in the litigation than a motion to dismiss.

Experian's repeated attempts to graft language into the FCRA, and the District Court's adoption of the extra-textual preconditions argued by Experian, are improper at the motion to dismiss stage of litigation.

## B. Under the Readily Verifiable Test that Experian Agrees is the Proper Standard, Mr. Keller Stated a Claim for Relief.

Experian now – belatedly – agrees that the 'readily verifiable' test is the proper measure of Mr. Keller's claims. R. 29 at 22. Experian bemoans that investigating Mr. Keller's dispute would require "unreasonably extensive efforts—the quasi-discovery, legal analysis, and adjudication—Experian likely would have lacked enough details to make a decision, even if it had the competency to do so." R. 29 at 39. But, on its face, Experian's entire argument goes to the reasonableness of the investigation, underscoring that the claims should not be dismissed at the pleading stage. Experian would ask the Fourth Circuit to standardize making factual findings at the motion to dismiss stage of the

pleading – i.e., whether the investigation was reasonable, and what would be required of Experian. To survive a motion to dismiss, the underlying complaint "must contain sufficient facts to 'state a claim to relief that is plausible on its face.'" *Corder v. Antero Res. Corp.*, 57 F.4th 384, 401 (4th Cir. 2023) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Indeed, Experian even acknowledges that Mr. Keller made "numerous attempts" to pay the loan, (R. 29 at 15), demonstrating that Mr. Keller never alleged that he was not responsible for the loan as the District Court found in its initial ruling. JA 134 (erroneously finding that "Plaintiff has a legal dispute to the debt—whether Plaintiff's tendered payments, that Truist refused, in some way *excused* the debt.") (emphasis added). The parties agree that the FCRA "demands that a credit-reporting agency look into only objectively and readily verifiable disputes" as dictated by the FCRA. R. 29 at 23. The parties further agree that the inquiry at the motion to dismiss stage center on whether Mr. Keller pled "an 'objectively and readily verifiable' error in his file that he had raised with Experian." R. 29 at 21. As the district court should have done, in answering that inquiry, the Fourth Circuit must draw all

reasonable inferences in favor of the plaintiff. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

Mr. Keller alerted Experian that "this account is reporting on my report several times in separate report entries …they are reporting me as delinquent greater than 180 days on *some of the entries* on your report." JA 33 (emphasis added).  Experian's report showed the three (3) tradelines.  JA 222-225.  It is plausible for a trier of fact to find that Experian reasonably could have investigated three internally inconsistent tradelines for the same loan before verifying.  JA 241-242.

Experian's own argument underscores the inadequacy of its reinvestigation.  Experian argues that "the report attached to his amended complaint makes clear that any facial inconsistency was corrected during reinvestigation" (R. 19 at 43) because Experian left only two false tradelines instead of three.  Partial correction does not equate with a reasonable investigation.  Eliminating a single inaccurate tradeline while leaving two additional inaccurate tradelines does not suffice as "correct[ing]" or investigating Mr. Keller's credit report.  *Id*. Instead, it underscores that the reinvestigation Experian did undertake was unreasonable.  Once Experian learned that at least one out of the

21

three tradelines was inaccurate and removable, a reasonable investigator would have looked closer at the remaining two tradelines to ensure their accuracy as well.  Especially in light of the consumer dispute that stated, "this account is reporting on my report several times in separate report entries, …they are reporting me as delinquent greater than 180 days on *some of the entries* on your report."  JA 33 (emphasis added).  Rather than supporting dismissal, Experian has highlighted the very reason a trier of fact must determine whether Experian's investigation was reasonable.  Once Experian determined that at least one tradeline was inaccurate, a reasonable reinvestigation would examine whether the remaining tradelines—reporting the same account with conflicting information— were likewise unreliable.

Experian alleges that Mr. Keller is attempting "to reshape the FCRA in his favor" by requiring deletion of unverifiable tradelines.  R. 29 at 24.  But the FCRA already clearly requires the deletion of inaccurate or unverifiable entries.  Mr. Keller is asking only that the FCRA be applied as written.  Allowing Experian to continue to report unverifiable tradelines would ignore the plain language of the FCRA.  This Court need

only look to the plain language of § 1681(i)(A)(5)(i) to confirm that Mr. Keller is only seeking to vindicate his statutory rights.

## C. Experian's Suspicious Mail Policy was dismissed on standing grounds, which Mr. Keller has appealed.

Rather than abandoning his argument in support of his class action allegation regarding Experian's Suspicious Mail Policy, Mr. Keller addressed it head on at the trial court and in this appeal. The District Court explicitly held that "because Keller lacks Article III standing to bring his remaining claim against Experian, he cannot proceed as class representative and the case must be dismissed." JA 431-432. The District Court analyzed the class claim regarding Experian's dubious Suspicious Mail Policy to see if it conferred standing apart from what the District Court deemed was an underlying "legal" dispute. The District Court, despite claiming it would not "embellish Keller's deficient allegations to confer standing," proceeded to speculate what the furnisher's reinvestigation would have yielded: "an immediate reinvestigation (absent the alleged delay) only would have more quickly led Truist to affirm – incorrectly - that Keller's file accurately reflected

Truist's own records."[5]  JA 426-427.  The District Court's speculation ran afoul of the requirement that it "draw all reasonable inferences in favor of the plaintiff." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009).  Rather than drawing reasonable inferences in Keller's favor, the District Court speculated that the furnisher would have verified the same incorrect information.  It is plausible that a different dispute investigator at the furnisher may have come to different results than the dispute investigator who later verified the tradeline. Experience and competencies vary from employee to employee at any organization.  The District Court was required to draw all reasonable inferences in favor of the plaintiff, and it expressly did the opposite here.

The injury is not the furnisher's ultimate response; it is the continued publication of inaccurate tradelines during the delay caused by Experian's policy and Experian's refusal to trigger any investigation and response at all by following its suspicious mail policy and withholding the dispute from Truist.

---

[5] Implicit in this speculation is the District Court's recognition that a factual inaccuracy exists in Mr. Keller's credit report, again leading to the conclusion that Mr. Keller stated a claim that should survive a motion to dismiss.

That injury is fairly traceable to Experian's conduct because the delay prolonged the presence of inaccurate information in Mr. Keller's file, affecting his credit profile irrespective of whether Truist later repeated its error.

Because Keller has alleged a concrete injury caused by inaccurate reporting, he has standing to pursue claims arising from that same injury, including claims based on the procedures that prolonged or exacerbated it. The District Court correctly noted that Mr. Keller's "factual allegation plausibly alleges a concrete injury." JA 424-425.

Likewise with Mr. Keller's motion to amend. The District Court considered and rejected Mr. Keller's motion to amend in the order that is the subject of this appeal. JA 428-431. That decision is properly before this Court. The issues raised in Keller's proposed amended complaint are properly before this Court. The District Court expressly considered and rejected the motion to amend as futile based in large part on its reasoning that Experian was not obligated to reinvestigate what it found to be a legal dispute, JA 428–431, and that ruling is subject to appellate review. See, *e.g., Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

# CONCLUSION

Because Mr. Keller plausibly alleged that Experian maintained and "verified" mutually irreconcilable tradelines for a single Truist auto loan, rendering the report "patently incorrect" or materially misleading under this Court's accuracy standard and, at a minimum, leaving information that "cannot be verified" after reinvestigation pursuant to this Court's precedent in *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001), this Court should reverse the denial of his Motion to Amend and remand this matter with instructions to grant leave to file the Second Amended Complaint.

Dated: April 6, 2026

*/s/ Susan Mary Rotkis*
Susan Mary Rotkis
**CONSUMER JUSTICE LAW FIRM**
2290 East Speedway Boulevard
Tucson, AZ 85719
T: (602) 807-1504
E: srotkis@consumerjustice.com

*/s/ Jed R. Nolan*
Jed Nolan
Benjamin Sheridan
KLEIN & SHERIDAN, LC
3566 Teays Valley Rd.
Hurricane, WV 25526
jed@kleinsheridan.com
ben@kleinsheridan.com

# CERTIFICATION OF COMPLIANCE
## WITH TYPE-VOLUME LIMIT

I hereby certify that the foregoing brief complies with the type-volume limitation of Fed. R. App. P. 28.1(2)(C) because it contains 4,808 words, excluding the parts of the brief exempted by that rule, as counted using the word-count function on Microsoft Word software. This brief complies with the typeface and type style requirements because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Susan Mary Rotkis*
Susan Mary Rotkis
**CONSUMER JUSTICE LAW FIRM**
*Counsel for Plaintiff-Appellant*
*Eric Keller*

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I electronically filed this document with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the CM/ECF system. Counsel for Defendants-Appellants are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *Susan Mary Rotkis*
Susan Mary Rotkis
**CONSUMER JUSTICE LAW FIRM**
*Counsel for Plaintiff-Appellant*
*Eric Keller*